FILED
2022 Sep-28 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

**MICHAEL WATKINS,**
     Plaintiff,

**v.**                             **Case No. 4:21-cv-1344-CLM**

**GREAT SOUTHERN WOOD
PRESERVING, INC.,** *et al.*
     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

    Plaintiff Michael Watkins built a boathouse on Lake Guntersville with lumber known by locals as "YellaWood." Watkins' YellaWood was manufactured by Great Southern Wood Preserving, Inc. and Consolidated Forest Products, LLC (CFP) and treated by Koppers Performance Chemicals (Koppers, formerly Osmose). Watkins says that his YellaWood decayed and rotted and the defendants have not replaced it or repaid its value. So Watkins sues Great Southern, CFP, Koppers, and Discount Building Supply Company (the store that sold him the wood) based on a variety of breach of warranty claims. Three defendants—Great Southern, Koppers, and CFP—have moved to dismiss the claims against them based on warranties they attach to their motions. Watkins has moved to strike the warranties (doc. 30) and opposes the motions to dismiss.

    For the reasons stated below, the court will **DENY** Watkins' motion to strike the warranties that Great Southern and Koppers rely on (doc. 30) and **GRANT** Watkins' motion to strike the pictures of end tags that CFP relies on (*id.*). The court will **GRANT** Great Southern's motion to dismiss Counts I and III with prejudice and Count II without prejudice (doc. 16). The court will **GRANT** Koppers' motions to dismiss Count II without prejudice and **DENY** Koppers' motion to dismiss Counts I and III (doc. 14). And the court will **DENY** CFP's motion to dismiss (doc 25).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 556).

## STATEMENT OF THE ALLEGED FACTS

In 2011, Watkins bought micronized copper azole pressure-treated lumber (YellaWood) to build a boathouse on his lake property. Great Southern and CFP manufactured the lumber; Koppers provided the wood-preserving products, methods, systems, and technology to treat it; and Discount Building Supply sold it to Watkins.

At the time, Great Southern publicly represented that YellaWood was ideal for outdoor structures, including those immersed in fresh water, and would provide protection from rot, fungal decay, and termite attack. Koppers also publicly represented its technology as ideal for the same use and provided the same protection. Watkins alleges that no one gave him product information about the lumber, and he was not provided with any warranty information before purchasing the lumber.

Nine years later, Watkins discovered that much of the boathouse lumber had rotted and decayed. So Watkins contacted Discount Building Supply, who directed him to Great Southern and CFP. Watkins learned, through Great Southern's limited warranty covering the lumber, that Koppers promises to exchange or refund the value of the lumber used for residential purposes if the lumber structurally fails due to rot, fungal decay, or termite attack. That warranty is referenced on a small, 1" x ½" tag on the end of the lumber that reads "LIFETIME LIMITED WARRANTY ASK DEALER FOR DETAILS."

Watkins also alleges that Koppers supplied a limited warranty through CFP that covered his 2011 purchase. According to Watkins, that warranty provides for Koppers' replacement of the defective lumber or a refund of the value of the lumber. That warranty was disclosed, if at all, on an inventory tag much like the tag stapled to the end of the lumber.

Watkins made a warranty claim to Great Southern and CFP, and he alleges that Koppers was told about the claim. Yet, after a site inspection, Great Southern did not respond to any communications from Watkins and did not address the claim. Nor have Koppers or CFP offered to replace the wood or compensate Watkins for its full value. So Watkins sued all three, plus the store that sold him the lumber.

## JURISDICTON

Watkins sued in Alabama State court. CFP then filed a notice of removal to this federal court, alleging federal question jurisdiction under the Magnuson-Moss Warranty Act (MMWA). 28 U.S.C. § 1331; 15 U.S.C. § 2301–2312. Jurisdiction is proper under the MMWA when the plaintiff alleges noncompliance with the Act and the amount in controversy exceeds $50,000. *Id.* Watkins alleges noncompliance with the MMWA and the value of the lumber is $54,764.42, so jurisdiction is proper. (Doc. 1-1, Exhibit 3).

## DISCUSSION

## I.   Motion to Strike

Watkins has moved to strike four exhibits the defendants rely on in their motions to dismiss (doc. 30). Koppers and Great Southern each submitted the limited warranties that Watkins alleges both parties breached (docs 15-1, 16-1, respectively). CFP submitted the end tags secured to its lumber (doc. 25, Exhibits A and B). For the reasons stated below, the court **DENIES** Watkins' motion to strike the warranties and **GRANTS** his motion to strike the end tags.

1. <u>Standard of Review</u>: "The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). But a district court may consider documents attached to a motion to dismiss at

the motion to dismiss stage "only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). To be "undisputed" the authenticity of the document must not be challenged. *Id.* "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *GFP Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (11th Cir. 1997).

2. <u>Centrality</u>: Watkins does not dispute that the warranties and end tags are central to his claims. The complaint references "Great Southern's limited warranty covering YellaWood" through which "Osmose (now Koppers) promises to the original consumer purchaser to exchange or refund the value of the lumber used in a residential application if the lumber structurally fails due to rot, fungal decay, or termite attack." Doc. 1-1 ¶ 20. That is the warranty Great Southern and Koppers attached to their motions to dismiss.

Watkins' complaint also alleges that "the warranty covering the MicroPro LifeWood pressure-treated lumber manufactured by CFP is disclosed, if at all, on an inventory tag similar to the tag stapled to the end of the YellaWood lumber." Doc. 1-1 ¶ 24. CFP attached pictures of inventory tags on the end of its lumber to its motion to dismiss.

3. <u>Authenticity</u>: Watkins, however, does challenge the authenticity of the warranties and end tags. Watkins argues that neither Great Southern nor Koppers tried to authenticate the warranties, and that the warranties they attached differed from the warranty a Great Southern representative previously sent Watkins. But Great Southern provided an affidavit from a Great Southern Sales Representative that explained why he originally sent a copy of current warranty (not the 2011 version) and stated that the limited warranty is "a true and correct copy of the Limited Warranty" that "was the applicable warranty document in effect for YellaWood treated lumber purchased in 2011." Doc 35-1, ¶¶ 3–4. Then, in response to this court's order requiring Watkins to explain his authenticity challenge in light of the affidavit, Watkins stated that he "has no specific reason to dispute the authenticity of the document." Doc. 39. So authenticity is no longer in dispute, meaning that Watkins' motion to strike the warranties must be **DENIED**.

Watkins also challenges the authenticity of the pictures of the end tags CFP attached to its motion to dismiss (doc. 25, Exhibits A and B). Watkins claims he "has no way of knowing whether the end tag [in the pictures] is representative of the end tags that would have been attached to the lumber at his property." Doc. 30, at 2–3. Because CFP has not properly authenticated these pictures, authenticity is in dispute. So the court **GRANTS** Watkins' motion to strike the pictures of the end tags.

## II.    Motion to Dismiss

### <u>Count I</u>: Breach of Limited Warranty

Watkins alleges in Count I that Great Southern, CFP, and Koppers all provided express, written limited warranties on the lumber. According to Watkins, the parties breached those warranties by not replacing or paying the value of the lumber that "has structurally failed due to rot and/or fungal decay" even though Watkins notified the parties of his warranty claim. Doc. 1-1, ¶¶ 31–33.

1. <u>Great Southern</u>: As discussed, Great Southern provides a copy of the warranty. It states that ***"[t]his is a limited warranty of Osmose, Inc. only"*** and that Great Southern "MAKE[S] NO WARRANTIES WHATSOEVER, WHETHER EXPRESS OR IMPLIED, WITH RESPECT TO PRODUCTS TREATED WITH MICRONIZED COPPER AZOLE PRESERVATIVES." Doc. 16 at 8. (Again, Osmose is now Koppers.). Plainly, Great Southern is not a party to the limited warranty. And Great Southern cannot breach a contract that it is not a party to. *See Pate v. Rollison Logging Equip., Inc.*, 628 So.2d 337, 343 (Ala. 1993) ("without a contract, there can be no breach of a contractual duty"). So the court **GRANTS** Great Southern's motion to dismiss count I for breach of implied warranty (doc. 16). The court dismisses this claim *with* prejudice because any amendment would be futile against the plain language of the warranty.

2. <u>CFP</u>: CFP relies on pictures of end tags to argue that did not offer a limited warranty on the lumber. But as stated above, the court will not consider the end tag pictures at this stage. Having removed the end tags from consideration, Watkins has sufficiently alleged factual allegations that,

accepted as true, raise a plausible claim that CFP offered a limited warranty on the lumber. According to Watkins, "through CFP, Osmose (now Koppers) also supplied a limited warranty covering the MicroPro LifeWood pressure-treated lumber manufactured by CFP that Watkins purchased," and "the limited warranty covering the . . . lumber manufactured by CFP provides for Koppers' replacement of the defective lumber or a refund of the value of the lumber." Doc. 1-1 ¶¶ 22–23. While that warranty may mirror the limited warranty Great Southern provides, or may not exist at all, no evidence at this stage defeats Watkins' allegations. Instead, the benefit of discovery will bear out the details of the warranty (if any). So the court **DENIES** CFP's motion to dismiss count I (doc. 25).

3. <u>Koppers</u>: Koppers argues that count I should be dismissed against it because Watkins did not provide Koppers with notice of the alleged breach of the limited warranty, and that Watkins failed to invoke the limited warranty. Doc 14 ¶¶ 23–24. "Under Alabama law, notice of breach is a condition precedent to bringing a breach of warranty action, which must be affirmatively pleaded in the complaint." *Hobbs v. General Motors Corp.*, 134 F. Supp. 2d 1277, 1283 (M.D. Ala. 2001) (citing *Hart v. Yamaha-Parts Distribs. Inc.*, 787 F.2d 1468 (11th Cir. 1986)). This notice requirement applies to manufacturers. Indeed, "notice must be given to the manufacturer in some fashion, if not directly, then at least through the direct seller." *Hobbs*, 134 F. Supp. 2d at 1284. In Alabama, "the word 'notify' as used in Ala code § 2-607(3)(a) encompasses a proper oral notification of any breach." *Page v. Camper City and Mobile Home Sales*, 297 So. 2d 810, 812 (Ala. 1974). Thus, "[t]he notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." *Id.*

Whether notice is sufficient in any case is a question of fact, but sufficient notice is generally "the notice an ordinary tortfeasor would have of his breach of duty." *Id.* "Where, however, no notice is given, there is no issue of sufficiency for a jury to determine." *Hobbs*, 134 F. Supp. 2d at 1285; *see also Harman v. Taurus Int'l Mfg.*, 2022 WL 479139, at *11 (M.D. Ala. Feb. 16, 2022) (dismissing express warranty claims, with leave to amend, where the complaint "does not allege any fact to establish notice.").

After discovering the wood on his boathouse was rotting and decaying, Watkins "contacted Discount Building Supply, which directed him to representatives from Great Southern and CFP." Doc. 1-1 ¶ 19. In his complaint, Watkins states that he "has notified Great Southern, CFP, and Koppers of his warranty claim. Doc. 1-1 ¶ 32. Yet "[a]fter initial contact and a site inspection, however, Great Southern did not respond to phone calls, emails, and other communication or otherwise attempt to address the claim, and neither Koppers nor CFP has offered to replace the wood or compensate Watkins for its full value." Doc. 1-1 ¶ 26. Watkins also attached correspondence to his complaint that shows Koppers inspected or was aware of the boathouse being inspected, and that the Koppers representative stated that "Koppers and Great Southern will work together on addressing any damaged wood under warranty that is confirmed to be YellaWood." Doc 31-1, Exhibit 1, at 2. This is sufficient notice to survive a Rule 12 motion to dismiss.

Koppers argues that the court should dismiss Count I anyway because Watkins did not follow the procedures in the limited warranty to notify Koppers of the warranty claim. This is a fact question that discovery will help develop. So the court **DENIES** Koppers' motion to dismiss count I for breach of limited warranty (doc. 14).

### <u>Count II</u>: Breach of Express Warranties

Watkins alleges that Great Southern and Koppers breached express warranties created by representations each defendant made about the effectiveness of the lumber.

According to Watkins, Koppers' representations about the effectiveness of its technology in "preventing corrosion and fungal decay in freshwater applications" was "a basis of the bargain between Koppers and Great Southern and between Koppers and CFP in Great Southern's and CFP's respective agreements to use Koppers' technology to manufacture" the lumber. Doc. 1-1 ¶ 36. Even more, Watkins alleges that "Koppers' relationship with Great Southern and CFP whereby Great Southern and CFP utilize Koppers' MicroPro LifeWood technology to manufacture [the lumber] are intended to benefit consumer end-users like Watkins." Doc. 1-1 ¶ 37.

Watkins also alleges that Great Southern's representations about the effectiveness of its lumber "in outdoor residential structures, including those immersed in fresh water" were "a basis of the bargain between Great Southern and Discount Building Supply when Discount Building Supply purchased YellaWood from Great Southern." Doc. 1-1 ¶ 38–39. And according to Watkins, "Great Southern's supplier relationship with Discount Building Supply is intended to benefit consumer end-users like Watkins." Doc. 1-1 ¶ 40. Watkins claims both Koppers' and Great Southern's representations were false, and harmed Watkins. Doc. 1-1 ¶ 41.

In Alabama, "[e]xpress warranties by the seller are created [by] . . . [a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Ala. Code § 7-2-313(1)(a). Further, "[i]t is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." *Id.* at § 7-2-313(2).

Importantly, "[i]n actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof. The issue normally is one of fact." Ala. Code § 7-2-313 cmt. 2; *see also Rudder v. Kmart Corp.*, 1997 WL 907916, at *5 (S.D. Ala. Oct. 15, 1997) ("The Alabama courts have not squarely addressed the meaning of 'basis of the bargain,' but have said that reliance is not 'the determining factor.'"). But "while reliance by the buyer is not necessary, knowledge of the warranty is." *Harman v. Taurus Int'l Mfg., Inc.*, 2022 WL 479139, at *7.

Watkins alleges that "[n]o one gave [him] any product information regarding the lumber he purchased." Doc. 1-1 ¶ 17. Watkins backtracks somewhat in his brief in opposition, claiming that the promotional statements "were publicly advertised and therefore contributed to [his] decision to

purchase the lumber." Doc. 31 at 12. But "[t]he court may not consider those new allegations" in briefs opposing dismissal. *Burt v. City of Pleasant Grove*, 2021 WL 4171346, at *2 (N.D. Ala. Sept. 14, 2021). So the court **GRANTS** Great Southern and Koppers' motions to dismiss Count II. But the dismissal is without prejudice, meaning that Watkins may amended his complaint to cure his pleading deficiencies.

**<u>Count III</u>: Violation of the Magnuson-Moss Warranty Act**

Watkins alleges in Count III that all defendants breached their duty under the MMWA "to make the text of the applicable written warranties reasonably available to Watkins before he purchased" the lumber. Doc 1-1 ¶ 47. Watkins says that he "was not given the written warranties or a clear and conspicuous message directing him to the warranties before he purchased his lumber" and instead the only notice was a small end tag on the lumber. Doc. 1-1 ¶ 48. Watkins claims he was damaged because of this breach.

"The [MWWA] does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1364 (N.D. Ga. 2013). Additionally, under the MMWA, "only the warrantor actually making a written affirmation of fact, promise, or undertaking shall be deemed to have created a written warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person." 15 U.S.C. § 2310(f); *see also Marlborough Holdings Grp., Ltd. V. Azimut-Benetti*, 505 F. App'x 899, 904 (11th Cir. 2013) ("The relevant provisions of the MMWA, by their terms, apply only to written warranties.").

The MMWA requires "any warrantor warranting a consumer product to a consumer by means of a written warranty shall, to the extent required by rules of the Commission, fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty." 15 U.S.C. § 2302(a). The Federal Trade Commission, responsible for promulgating regulations under the MMWA, explained that the MMWA requires "the seller of a consumer product with a written warranty shall make a text of the warranty readily available for examination by the prospective buyer by: (1) Displaying it in close proximity to the warranted product . . ., or (2) Furnishing

it upon request prior to sale and placing signs reasonably calculated to elicit the prospective buyer's attention in prominent locations in the store or department advising such prospective buyers of the availability of warranties upon request." 16 C.F.R. 702.3.

1. <u>Great Southern</u>: Because no state-law claims remain against Great Southern, the Court will **GRANT** Great Southern's motion to dismiss the MMWA claim against it (doc. 16). The court dismisses this claim *with* prejudice because an MMWA applies only to written warranties, *see Azimut-Benetti*, 505 F. App'x at 904, and the court dismissed the only claim against Great Southern based on a written warranty (Count I) with prejudice.

2. <u>Koppers</u>: Koppers argues that the end tag on the lumber that read "LIFETIME LIMITED WARRANTY ASK DEALER FOR DETAILS" satisfied the MMWA's requirements. And Koppers argues that because Watkins failed to request details about the warranty when he purchased the lumber, his claim fails. But Watkins' allegations that Koppers did not make the text of the warranty available in a conspicuous manner, taken as true, state a cause of action under the MMWA. So the Court **DENIES** Koppers' motion to dismiss count III.

3. <u>CFP</u>: CFP argues that it cannot be held liable under the MMWA because Watkins did not allege any specific terms of the written warranty he claims CFP offered. CFP cites a Federal Trade Commission regulation that establishes that the MMWA does not apply to those who "distribute or sell a consumer product covered by a written warranty offered by another person or business and which identifies that person as the warrantor." 16 C.F.R. 700.4. Thus, CFP argues, because Watkins alleges Koppers supplies a warranty "through CFP," the MMWA claim fails as a matter of law. But because Watkins has alleged CFP warrantied the lumber it sold, and because Watkins alleged CFP neither made the text of that warranty available nor gave a clear and conspicuous message directing Watkins to the warranties, Watkins sufficiently states a claim to survive CFP's motion to dismiss. So the Court **DENIES** CFP's motion to dismiss count III.

## CONCLUSION

For these reasons, the court **DENIES** Watkins' motion to strike the Great Southern and Koppers' warranties but **GRANTS** Watkins' motion to strike the CFP end tag pictures. The court **GRANTS** Great Southern's motion to dismiss as to Counts I and III with prejudice and **GRANTS** Great Southern's motion to dismiss Count II  without prejudice. The court **GRANTS** Koppers' motions to dismiss Count II without prejudice and **DENIES** Koppers' motion to dismiss Counts I and III. The court **DENIES** CFP's motion to dismiss on all counts against CFP. Watkins must file his amended complaint by **October 28, 2022**.

**DONE** and **ORDERED** on September 28, 2022.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE